IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN HUMPHREYS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3404 |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
|     Defendant. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                                        OCTOBER  2, 2023

Brian Humphreys has filed a Notice of Removal seeking to remove a case to this Court that was originally filed in the Court of Common Pleas of Northampton County.  In an Order filed on September 1, 2023 (ECF No. 3), the Court directed Humphreys to show cause why this case should not be remanded to for lack of subject matter jurisdiction.  For the following reasons, the Court will remand the case because the removal was improper.[1]

## I.  FACTUAL ALLEGATIONS[2]

Humphreys filed an earlier case in this Court for which he paid the filing fee, *Humphreys v. Well Fargo Bank, N.A.*, Civil Action No. 23-715.  In that case, he originally asserted a claim

---

[1] Given this resolution, the Motion to remand filed by the plaintiff in the state court action (ECF No. 5), as well as Humphreys's Motion to dismiss the state court action (ECF No. 7) will be denied as moot.

[2] After the Court filed its Order to Show Cause, Humphreys responded with an "Amended Complaint and Response to Order to Show Cause (ECF No. 4.)  The Court understands Humphrey's pleading to be his response to the Court's show cause order, rather than an amended complaint or an amended notice of removal.  In his filing, Humphrey asserts arguments about jurisdiction in response to the Order, but also includes factual allegations similar to those he asserted in an earlier case he filed in his Court, *Humphreys v. Well Fargo Bank, N.A.*, Civil Action No. 23-715.  Since that case remains pending, the Court will address only Humphrey's pleading as a response to the show cause order.

under an apparently nonexistent statute, 31 U.S.C. § 202, and a state law claim for "tortious disruption of contract."[3] (*Id*., ECF No. 1 at 5-6.) That case remains pending.

On August 30, 2023, the Clerk of Court received a pleading from Humphreys, on which Humphreys placed the 23-715 civil action number. The pleading purports to be a "Notice of Removal and Request for Consolidation."[4] *Humphreys v. Wells Fargo Bank, N.A.*, Civil Action No. 23-3404. Humphreys did not pay the required filing fee for the removed case. An attachment to the Notice of Removal indicates that the removed case is styled *Senol Akdere v. Brian C. Humphreys*, No. C-48-CV-2023-4969, and was filed in the Northampton County Court of Common Pleas on July 18, 2023. (ECF No. 1 at 6.) That case is a civil action in ejectment by an individual claiming to be the legal owner of property located at 2253 Linden Street, Bethlehem, Pennsylvania by virtue of a deed from the Sheriff of Northampton County recorded on July 10, 2023. (*Id*. at 6, 12-14.) The action asserts that Humphreys is occupying the property without right and without a claim of title. (*Id*. at 8.)

In his Notice of Removal, Humphrey based his request for removal of the ejectment action on his assertion that "[i]t should have been obvious that Wells Fargo Bank, N.A. could not have legitimately sold my property." (*Id*. at 2.) He asserted that this Court has jurisdiction over the removed case by virtue of diversity of citizenship under 28 U.S.C. § 1332(a) because

---

[3] Humphreys later filed an amended complaint in that case (ECF No. 7), in which he dropped the statutory claim. His claim of tortious disruption of contract is allegedly based on his having transmitted a "Bill of Exchange drawn on the United States Treasury" to Wells Fargo on December 14, 2022, and a second one on December 22, 2022 as payment of the mortgage loan. (*Id*. at 2, 14.) While Humphreys claims Well Fargo "accepted the [first] Bill of Exchange," he filed the lawsuit "when Wells Fargo refused to accept the [second] Bill of Exchange to pay-off my Mortgage Account" because it was not legal tender. (*Id*. at 1-2.)

[4] Because the Notice of Removal constituted a new matter, the Clerk of Court opened this new civil action rather than record the pleading on the docket of Civil Action No. 23-715.

"Defendant Wells Fargo Bank, N.A., [is] headquartered in California, and cannot be a citizen of any other state, and Brian Humphreys [is] domiciled in Pennsylvania." (*Id*. at 3.) He also asserted federal question jurisdiction for the removed case under the Fair Debt Collection Practices Act ("FDCPA").

In his Response to the Order to Show Cause, Humphrey asserts that "Wells Fargo was not authorized to sell my property at a Sheriff's sale, as it did, on February 10, 2023." (ECF No. 4 at 11.) He asserts that Wells Fargo took his property without due process of law, and violated provisions of the FDCPA by misrepresenting the legal status of his debt, using unfair or unconscionable means to collect a debt by resorting to the Sheriff's sale, and by bringing the foreclosure action in state court instead of a federal district court. (*Id*.) He asserts this case may be removed to federal court because Wells Fargo violated the FDCPA, a federal statute that provides this Court with subject matter jurisdiction. (*Id*. at 11-12.)

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc*., 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

**III.    DISCUSSION**

The face of the complaint in the removed action fails to present a federal question. It is a state law action in ejectment brought against Humphreys by the alleged purchaser of property at a sheriff's sale. Humphreys's attempt to remove the case is based solely on his claim of a defense under federal law, namely his allegation that Well Fargo, a non-party to the removed action, violated his due process rights and the FDCPA when it apparently foreclosed on a mortgage it held on the property, leading to the sheriff's sale. That alleged federal defense cannot provide a jurisdictional basis for the removal of the action in ejectment, even if Well Fargo was a party of that case. *Davila*, 542 U.S. at 207. Moreover, no other federal question is presented on the face of the ejectment action complaint.

Neither has Humphreys adequately alleged that the ejectment action can be removed on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for

jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

While Humphreys relies upon the alleged diversity of citizenship between himself and Wells Fargo, that is irrelevant to whether the Court may exercise diversity jurisdiction over the ejectment action since Wells Fargo is not a party to that action. The face of the complaint of the ejectment action suggests that both the plaintiff in that action and Humphrey are citizens of Pennsylvania. (ECF No. 1 at 7 (alleging that both the ejectment action plaintiff, Senol Akdere, and Humphreys reside in Bethlehem, Pennsylvania).) Because subject matter jurisdiction is lacking, an appropriate Order follows remanding the case to the Court of Common Pleas of Northampton County.

                                      **BY THE COURT:**

                                  */s/ John M. Gallagher*
                                  **JOHN M. GALLAGHER, J.**